IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN HERDEAN, | : | PRISONER HABEAS CORPUS |
| Inmate No. 60115-019, | : | 28 U.S.C. § 2241 |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LORRIN GRAYER, Warden; | : | CIVIL ACTION NO. |
| and HARLEY LAPPIN, Director of | : | 1:09-CV-2615-TWT-SSC |
| Federal Bureau of Prisons, | : | |
|    Respondents. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district

court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 12th day of August, 2010.

*Susan S. Cole*
SUSAN S. COLE
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN HERDEAN, | : | PRISONER HABEAS CORPUS |
| Inmate No. 60115-019, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| LORRIN GRAYER, Warden; | : | CIVIL ACTION NO. |
| and HARLEY LAPPIN, Director of | : | 1:09-CV-2615-TWT-SSC |
| Federal Bureau of Prisons, | : | |
|     Respondents. | : | |

### FINAL REPORT AND RECOMMENDATION

Petitioner John Herdean, presently confined in the Federal Prison Camp in Atlanta, Georgia ("FPC Atlanta"), has filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. [Doc. 1]. The matter is now before the Court on the petition, Respondent's response [Doc. 4], and Petitioner's rebuttal [Doc. 5] and supplement to the petition [Doc. 6]. For the reasons discussed below, the undersigned **RECOMMENDS** that the petition [Doc. 1] be **DENIED**.

### I.     Background and Parties' Contentions

Petitioner is currently serving a thirty-month sentence for wire and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344, and 371. (Doc. 1 at 1). Petitioner's good conduct time release date is January 22, 2011. (Doc. 4, Attach. 3 ¶ 9). Petitioner's

case manager reviewed his file and recommended him for 150 to 180 days placement in a residential reentry center ("RRC").  (Id. ¶ 12).  Petitioner seeks an Order from this Court directing the Federal Bureau of Prisons ("BOP") to immediately reconsider him for placement in an RRC for the last twelve months of his sentence.  (Doc. 1 at 30).

Petitioner argues that the Second Chance Act of 2007, ch. 3, sec. 251, Pub. L. No. 110-199, 122 Stat. 657, 692 (2008) ("the Act"), which was signed into law on April 9, 2008, amended 18 U.S.C. §§ 3621 and 3624(c) and changed the BOP's statutory authority for making pre-release RRC placement decisions.  (Doc. 1 at 2). Petitioner contends that, although the Act permits RRC confinement for the last twelve months of a sentence, the BOP and staff at the FPC Atlanta have been directed not to place anyone in such confinement beyond six months.  (Id. at 2-6).  Petitioner argues that his particular circumstances require more than six months in RRC placement.  (Id. at 8, 11-12).  Petitioner maintains that, while the BOP claims to have applied the factors listed in 18 U.S.C. § 3621(b) in determining his eligibility for RRC placement, it wrongly required him to show "extraordinary justification" to receive placement beyond six months.  (Id. at 9-10).  Petitioner contends that the Act creates a due process right for proper RRC consideration and asks to be reconsidered for such placement without having to show extraordinary justification.  (Id. at 10-11, 14, 29-

2

31). Petitioner admits that he has not exhausted his administrative remedies, but argues that futility should excuse such exhaustion. (Id. at 20-28).

Respondents argue first that Petitioner's failure to exhaust his administrative remedies deprives this Court of subject matter jurisdiction. (Doc. 4 at 3-9). Next, Respondents maintain that Warden Grayer, as Petitioner's custodian, is the only proper respondent, and thus Respondent Lappin should be dismissed. (Id. at 9-10). Respondents further assert that the Act does not change the fact that the BOP has discretion to determine whether and for how long an inmate may be placed in an RRC. (Id. at 10-13). Finally, Respondents assert that the BOP has considered Petitioner's eligibility for RRC placement pursuant to the factors listed in § 3621(b) and determined that 150 to 180 days placement in an RRC is "sufficient to provide the greatest likelihood of successful reintegration into the community." (Id. at 13-14).

Petitioner replies that requiring him to exhaust his administrative remedies would cause him irreparable damage because it would deprive him of the opportunity for twelve months in an RRC; therefore, he contends, he should be exempt from the exhaustion requirement. (Doc. 5 at 1-3). Petitioner also contends that the BOP lacks the authority to require prisoners to show extraordinary circumstances or extraordinary justification in order to receive RRC placement for more than six months. (Id. at 3-5).

3

Petitioner has now filed a supplement to his petition, which shows that he has fully exhausted his administrative remedies. (Doc. 6, Attach.). Accordingly, the undersigned will consider whether Petitioner is entitled to the relief he seeks.

## II.     Law and Recommendation

### A.     Proper Party-Respondent

Respondents are correct that the proper respondent in a habeas case is the petitioner's immediate custodian, i.e., the warden of the facility where the petitioner is detained at the time he files the habeas petition, not a supervisory official who exercises legal control over the petitioner. Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). Accordingly, Respondent Lappin should be dismissed as a party to this action.

### B.     Petitioner's Entitlement to Relief under the Second Chance Act of 2007

Under the Act, the maximum time allowed for RRC placement was increased from 6 to 12 months, and there is no limit on the percentage of the term to be served. 18 U.S.C. § 3624(c)(1). The Act also required the BOP to issue regulations within 90 days of its enactment, "which shall ensure that placement in a community correctional facility by the [BOP] is— (A) conducted in a manner consistent with section 3621(b) . . . ; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C.

4

§ 3624(c)(6). The BOP issued interim final rules, which became effective on October 21, 2008. See Pre-Release Community Confinement, 73 Fed. Reg. 62440 (Oct. 21, 2008) (to be codified at 28 C.F.R. pt. 570). An inmate's consideration for RRC placement is based on the following five factors:

1. The resources of the facility contemplated;

2. The nature and circumstances of the offense;

3. The history and characteristics of the prisoner;

4. Any statement by the sentencing court concerning the purpose for which the sentence was imposed or recommending a specific type of institution; and

5. Any pertinent policy statements issued by the United States Sentencing Commission.

Id. at 62442; see also 18 U.S.C. § 3621(b). According to the declaration of Gary Wilson, a case manager for inmates confined at FPC Atlanta, BOP staff examine each inmate placement pursuant to the BOP's guidelines. (Doc. 4, Attach. 3 ¶¶ 1, 4). While federal inmates are entitled to consideration for up to 12 months in an RRC based on these factors, they are not entitled to a particular result. The BOP has discretion to determine whether and for how long an individual will be placed in an RRC. See 18 U.S.C. § 3621(b); see also 18 U.S.C. § 3624(c)(1) & (4).

5

In this case, Petitioner's "crime is non-violent, and nothing in his history or the nature and circumstances of his offense indicate that he would pose a safety issue in the community." (Doc. 4, Attach. 3 ¶ 10). Petitioner "has a residence, but will need assistance in getting a job once he is released from custody." (Id.). Petitioner's case manager reviewed his file, considered him for 12-month RRC placement based on the pertinent factors, and recommended him for 150 to 180 days placement in an RRC. (Id. ¶ 12). Having determined that this RRC placement was of "sufficient duration to provide the greatest likelihood of successful reintegration into the community," the BOP is not prohibited by the Act from requiring Petitioner to show "extraordinary and compelling reentry needs which would require a longer placement." (See id. ¶¶ 12, 14). Petitioner has now fully exhausted this matter through the BOP's administrative remedy process. (See Doc. 6, Attach.); see also 28 C.F.R. § 542.18. Petitioner has not alleged that the BOP failed to consider the § 3621(b) factors. Because the BOP has discretion to determine how long Petitioner should be placed in an RRC, and because Petitioner was properly considered for RRC placement as required by the Act and is not entitled to a particular result, this petition should be denied.

6

AO 72A
(Rev.8/82)

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent Harley Lappin be **DISMISSED** as a party to this action.

**IT IS FURTHER RECOMMENDED** that this petition for a writ of habeas corpus [Doc. 1] be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED** this 12th day of August, 2010.

*Susan S. Cole*
SUSAN S. COLE
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)